UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE MCCULLOM,

Plaintiff,

v.

GREGORY J. AHERN, et al.,

Defendants.

Case No. 16-00045 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Santa Rita County Jail officials. Plaintiff then filed an amended complaint. (Docket No. 7.) Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Because the matter has not yet been served and no undue prejudice to the opposing party will result, the amendment is GRANTED. The amended complaint is the operative complaint in this action. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

### DISCUSSION

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that Defendant Dr. Maria Magat, the medical director at Santa Rita County Jail, acted with deliberate indifference to serious medical needs when she "forced [him] to painfully detoxify off high dosages of opiates" through "inadequate detoxification protocol," and when she denied him a cane, extra mattress, and supportive shoes to treat his medical diagnosis of spinal stenosis. (Am. Compl. at 3.) As relief, Plaintiff wants Dr. Magat terminated from her job and damages. (Id.) Liberally construed, Plaintiff states a cognizable Eighth Amendment claim against Defendant Magat. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Plaintiff names several other individuals as defendants under the "Parties" section of the complaint: Sheriff Gregory J. Aherns, Nurse Carole W., and Nurse M.S. Spearman. (Am. Compl. at 2.) However, Plaintiff makes no specific factual allegations against them in the "Statement of Claim." (Id. at 3.) In the interest of justice, Plaintiff shall be given an opportunity to file a second amended complaint containing sufficient facts to state cognizable claims against these other defendants.

///

///

///

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint. The second amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-00044 HRL (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the second amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original or first amended complaints. Claims not included in the second amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in this action proceeding solely on the claim against Defendant Dr. M. Magat. The other defendants will be dismissed from this action.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/27/16

HOWARD R. LLOYD
United States Magistrate Judge

P:\PRO-SE\HRL\CR.16\00045McCullom_dwlta